IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EMPLOYERS INSURANCE COMPANY OF WAUSAU,

                                                    OPINION AND ORDER

    Plaintiff,

                                                        13-cv-709-bbc

   v.

R&Q REINSURANCE COMPANY,

    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

   The issues in this case relate to the scope of defendant R&Q Reinsurance Company's obligation to reimburse plaintiff Employers Insurance Company of Wausau for claims it paid out. Defendant does not deny that its reinsurance agreement with plaintiff covers the claims, but defendant questions both whether plaintiff has paid out enough money to trigger defendant's obligations and the way in which plaintiff has calculated the amount defendant owes.

   In an order dated May 16, 2014, dkt. #29, I granted plaintiff's motion for summary judgment with respect to the question whether plaintiff was entitled to combine indemnity and defense expenses in its billings to defendant and to calculate defendant's obligations for both amounts the same way. I determined that the answer to both questions was yes. In addition, I asked for supplemental briefing on two issues that defendant raised in its opposition brief, which are whether plaintiff has proven the extent to which its payments

1

have exceeded the retention amounts and whether plaintiff has calculated prejudgment interest correctly.

In response to that order, both sides have submitted supplemental briefs that address the two questions.  Dkt. ##30 and 32.  Although the order asked for a supplemental brief from defendant only (to allow defendant  to address arguments that plaintiff raised for the first time its reply brief) plaintiff filed a supplemental brief as well.  Because defendant did not object to plaintiff's supplemental brief, I will consider it.  In addition, two weeks after it filed a supplemental brief, defendant filed a motion for reconsideration of the summary judgment opinion.  Dkt. #33.

Having reviewed the parties' additional filings, I am denying defendant's motion for reconsideration, granting plaintiff's motion for summary judgment with respect to its claim that defendant has breached the parties' agreement by failing to pay plaintiff $694,492.27 and denying plaintiff's motion with respect to its request for prejudgment interest because genuine disputes remain about the amount to which plaintiff is entitled.


OPINION

A.  Motion for Reconsideration

As an initial matter, defendant does not explain why it waited until weeks after it was required to submit supplemental briefing to file a motion for reconsideration.  Defendant's motion was not lengthy and it did not cite new law or facts, so it is not clear why defendant was unable to file the motion before its supplement was due.

Regardless whether defendant's motion is timely, defendant has not shown that it is entitled to relief. Defendant repeats its argument from its summary judgment brief that plaintiff should "calculate [its] proportion of defense expenses using the ratio terms provided in the reinsurance certificate." Dft.'s Br., dkt. #21, at 10. In the May 16 order, I concluded that plaintiff was not required to calculate its defense expenses differently from the way it calculated indemnity because (1) the policy at issue says that "[a]ll claims involving this reinsurance, when settled by [plaintiff] shall be binding on [defendant], which shall be bound to pay its proportion of such settlements"; (2) plaintiff's settlement with the insureds does not distinguish between "indemnity" and "defense expenses"; and (3) the policy at issue provides coverage for defense expenses.

In its motion for reconsideration, defendant still does not deny that the "ratio" it identifies does not apply to sums that are part of the settlement. Rather, the ratio applies to certain sums "in addition to" the settlement. Thus, if defense expenses are characterized appropriately as part of the settlement, then the formula that applies is the one for calculating the portion of the settlement that defendant is required to pay. By failing to develop an argument on this issue, defendant has forfeited it.

In addition, defendant repeats its argument that its obligations are not triggered until plaintiff's "loss" exceeds the retention amount, which is $5,000,000 for the policy at issue, and that plaintiff has incorrectly calculated its loss as including defense expenses. As it did in its summary judgment brief, defendant cites several provisions in the policy at issue, but, again, has not explained why any of those provisions prohibited plaintiff from including

3

defense expenses as part of its retention amount.  Accordingly, defendant has forfeited that issue as well and I am denying its motion for reconsideration.

### B.  Evidence of the Amount of Claims Plaintiff Has Paid

As discussed in the May 16 order, plaintiff is seeking reimbursement for claims it paid under two policies, one that has a retention amount of $5,000,000 and one that has a retention amount of $10,000,000.  Defendants does not deny that, according to the billing records plaintiff submitted to defendant, plaintiff's payments have exceeded the retention amount and defendant owes $694,492.27 under the terms of the policies.  However, defendant argues that plaintiff has not produced enough evidence to show that the bills are accurate.

Defendant's argument raises two questions.  First, has plaintiff violated a provision of the agreement by failing to provide additional evidence?  Second, are plaintiff's records sufficient by themselves to prove the amount defendant owes in the absence of contrary evidence from defendant?

With respect to the first question, defendant cites a provision from the agreement that plaintiff "shall make available for inspection and place at the disposal of [defendant] at reasonable times any of its records relating to this Reinsurance of claims in connection therewith."  Defendant's reliance on this provision is problematic for two reasons:   First, defendant does not suggest that plaintiff has refused to "make available" any records that defendant has requested.  Second, even if plaintiff had refused such a request, the provision

4

does not condition defendant's payment of a claim on the production of particular records.

With respect to the second question, defendant does not argue that plaintiff's billing records are inadmissible under federal rules to prove the amount that defendant owes, so defendant has forfeited that issue. If defendant believed those records were inaccurate, it was free to conduct its own discovery and present contrary evidence, but it has not done that. As the Court of Appeals for the Seventh Circuit has stated many times, summary judgment is the "put up or shut up" motion in the lawsuit when a party "must show what evidence it has that would convince a trier of fact to accept its version of events." Johnson v. Cambridge Industries, Inc., 325 F.3d 892, 901 (7th Cir. 2003). A party may not simply speculate that evidence supporting its position may exist. Accordingly, I conclude that plaintiff is entitled to summary judgment on this issue.

## C.  Prejudgment Interest

Defendant objects to plaintiff's calculation of prejudgment interest on two grounds. First, defendant says that it is not clear how to calculate interest because plaintiff's records contain many inconsistencies about the dates that it submitted a bill to defendant. In addition, defendant says that its own records are inconsistent with many of the dates that plaintiff has identified. Second, defendant says that plaintiff did not give defendant a long enough "review period" for each bill before beginning to charge interest.

Plaintiff's only response to the first argument is to say that "[t]he bill date used by [plaintiff] to calculate prejudgment interest is the date of [plaintiff's] 'proof of loss.'" Plt.'s

Br., dkt. #32-1.  That is not helpful because defendant's point is not that it is unclear how defendant calculated the amount of prejudgment interest but rather that there is conflicting evidence regarding whether that calculation is correct.   Because this issue is disputed, it cannot be decided on a motion for summary judgment.  Further, before that issue is resolved, it would be premature to decide what kind of "review period" plaintiff should have given defendant.

If the parties cannot resolve their differences about the proper dates through settlement negotiations, this issue will have to be resolved through an evidentiary hearing. If either side believes that it is entitled to a jury trial on this issue, it should file a motion supported by relevant authority.


ORDER

IT IS ORDERED that

1.  Defendant R&Q Reinsurance Company's motion for reconsideration, dkt. #33, is DENIED.

2.  Plaintiff Employers Insurance Company of Wausau's motion for leave to file a supplemental response, dkt. #32, is GRANTED.

3.  Plaintiff's motion for summary judgment, dkt. #15, is GRANTED with respect to plaintiff's claim that defendant owes $694,492.27 under the parties' reinsurance agreement.  The motion is DENIED with respect to plaintiff's request for prejudgment interest.

4.  If the parties cannot resolve their remaining disputes, an evidentiary hearing will be held on September 4, 2014 at 9:00 a.m.  The parties may have until September 2, 2014 to submit a short memorandum in support of their position at the hearing as well a list of their exhibits and witnesses.  If either side believes that it is entitled to a jury trial, it may have until August 15, 2014, to file a motion on that issue.

Entered this 28th day of July, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

7